**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

FRAN C. WOOTEN-MILLER, )
 )
          Plaintiff, )
 )
v. )
 ) Case No. 18-2494-CM-TJJ
JEFF MCKEE et al., )
 )
          Defendants. )
 )

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's response to the magistrate judge's order to show cause why the case should not be dismissed for failure to state a claim. (Doc. 5.)

**I.    BACKGROUND**

Pro se plaintiff Fran C. Wooten-Miller commenced this civil rights action on September 14, 2018. The court granted plaintiff leave to proceed in forma pauperis, but withheld service of process pending screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Originally, plaintiff alleged claims based on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* and 42 U.S.C. § 1983.[1] The magistrate judge determined that the complaint (1) did not name a federal defendant for a *Bivens* claim; (2) lacked specific facts to give rise to a § 1983 claim; and (3) did not establish that venue would be proper in this court. Accordingly, the magistrate judge ordered plaintiff to show cause to the undersigned why this case should not be dismissed for failure to state a claim.

Plaintiff's allegations concern a police response involving her vehicle. Plaintiff previously allowed another family member to use her truck. On or about September 15, 2017, an officer with the Cleveland Missouri Police Department attempted to stop plaintiff's truck because the registration was

---

[1] Because plaintiff attempts to bring claims for violation of civil rights, the court construes her claims as intending to invoke jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

-1-

not visible.  The driver did not yield to police despite the use of emergency equipment, and fled police pursuit.  At some point, the driver attempted to proceed further on foot before returning to the vehicle.  The driver continued to flee police pursuit, but eventually lost control of the vehicle, resulting in the vehicle overturning.

Upon receiving an e-mail informing plaintiff that her truck been impounded, plaintiff traveled to Cleveland, Missouri, at least intending to retrieve her vehicle.  It is unclear whether she was bound for the accident site or another location.  After stopping at a Cleveland gas station, Officer Daniel Clayton pulled her over and demanded to know why she was in the area.  Plaintiff told Officer Clayton she had a text message informing her of the accident.[2]  Officer Clayton asked to see the message, plaintiff handed him her phone and "he began going through [her] phone calls and emails."  Police ultimately returned plaintiff's phone and license and informed her that her truck was "in the impound" at J Southland Tow.

Plaintiff appears to allege three injuries: (1) a non-specific disclosure of her private information by police to a civilian defendant, Wendy Wyrick;[3] (2) violation of her Fourth Amendment rights when Officer Clayton viewed information on her phone "without permission", and (3) the seizure and failure to return her truck and property within.  Without more development, plaintiff has not shown the court that it has jurisdiction or may otherwise grant relief for plaintiff's claims.[4]

**II.     DISCUSSION**

The court construes pro se plaintiff's filings liberally, as required, but may not act as her advocate.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Plaintiff's three alleged injuries

---

[2] It is ultimately unclear whether plaintiff actually received an e-mail informing her of the accident, and if so, from whom.  It appears a civilian defendant, possibly defendant Wyrick, informed plaintiff of the accident by text message.
[3] The content of this "private information" is unclear.  Plaintiff may refer to the fact of the accident, but plaintiff's submissions suggest that law enforcement had reason to inform defendant Wyrick of the accident independent of any connection to plaintiff.
[4] The magistrate judge's Order further noted that venue appeared improper in this District.  Plaintiff's response has not cured the defects giving rise to this concern.

implicate—but do not clearly plead—two potential Fourth Amendment issues: (1) the impoundment of her vehicle and belongings while her vehicle was being operated by another, and (2) the unreasonable search of her cell phone in excess or absence of her consent.

To the extent that plaintiff raises the issue of impoundment, police generally may impound vehicles that would otherwise be left in public areas in order to safeguard the vehicle and its contents, and "such impounding happens with the greatest frequency when the owner or operator of the vehicle has been arrested while in or near the car." 3 WAYNE R. LAFAVE, SEARCH & SEIZURE § 7.3(a) (5th ed. Oct. 2019). If a person is arrested away from home, police may generally also impound personal effects that are with the arrestee at the time. *Id.*; *see also State v. Canaan*, 964 P.2d 681, 689 (Kan. 1998) ("When the owner, operator, or person in charge of a vehicle is capable and willing to instruct police officers as to the vehicles disposition, then absent some other lawful reason for impounding the vehicle, the person should be consulted, and his or her wishes followed concerning the vehicle's disposition."). As to the impounding of plaintiff's vehicle and any personal property within, it appears plaintiff may have encountered the most frequent circumstance where law enforcement impounds a vehicle. These allegations do not yet show a plausible violation of plaintiff's rights for which the court both has jurisdiction and may grant relief.

To the extent plaintiff may attempt to raise the issue of an unreasonable search of her cell phone in excess of her consent, these allegations are not sufficiently pleaded. An officer need not inform citizens of their right to refuse to consent to a warrantless search, and the validity of a citizen's consent is judged by the totality of the circumstances. *See United States v. Drayton*, 536 U.S. 194, 207 (2002). Although plaintiff may suggest a concern here, she does not substantially develop these arguments, and the court may not do so for her.

Accordingly, plaintiff has not sufficiently stated a claim on which relief can be granted and so has not shown good cause why this action should not be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Although plaintiff's ultimate theories of relief may have merit, her present allegations do not show this court that it may grant that relief.

**IT IS THEREFORE ORDERED** that the above-captioned action is dismissed without prejudice.

The Clerk of Court is directed to enter judgment in favor of defendants and against plaintiff.

The case is closed.

Dated this 27th day of January, 2020, at Kansas City, Kansas.

                                            **s/ Carlos Murguia**
                                            **CARLOS MURGUIA**
                                            **United States District Judge**